**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Dwayne A. Reddick

    v.                                              Civil No. 06-cv-008-SM

Hillsborough County Department
of Corrections, et al.

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Dwayne A. Reddick brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that defendants deprived him of personal property in violation of his rights under the Fourteenth Amendment to the United States Constitution (document no. 1).[1]  Named as defendants are the Hillsborough

---

[1] Although Reddick cites to the Fourth and Fourteenth Amendments, construed liberally the complaint alleges only a Fourteenth Amendment due process claim arising from the loss and destruction of his personal property.

    To the extent he alleges an Eighth Amendment claim based on the conclusory assertion that defendants "bullied" him and caused him mental and emotional distress, Reddick has failed to allege a level of harassment sufficient to establish a constitutional violation.  See Toolasprashad v. Wright, No. Civ.A.02-5473, 2005 WL 3536205 at *6 (D.N.J. Dec. 22, 2005)(holding that "[t]he Eighth Amendment does not constitutionalize a code of civility nor does it prohibit boorish or ignorant conduct by prison staff."); Warren v. Westchester County Jail, 106 F. Supp. 2d 559, 571 (S.D.N.Y. 2000)(claim for mental distress arising from alleged violations of civil rights not cognizable under Section 1983).

County Department of Corrections ("HCDOC") and two HCDOC employees: Superintendent James O'Mara and Captain David Dionne.

The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted. See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). For the reasons stated below, I recommend that the complaint be dismissed.

### Standard of Review

In reviewing a *pro se* complaint, this court must construe the pleading liberally and in favor of the *pro se* litigant. See Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)). At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that *pro se* pleadings are given fair and meaningful consideration. See Eveland v. Director of CIA, 843 F.2d 46, 49

(1st Cir. 1988). I apply this standard in reviewing Reddick's complaint.

## Background

Crediting the factual allegations in the complaint as true, and construing all reasonable inferences from the pleadings in Reddick's favor, the material facts are as follows. Reddick is a pretrial detainee at the HCDOC. On June 6, 2005, while he was out of his cell and engaged in a game of chess in the common area, prison officials ordered inmates to lock-down and return to their cells. Reddick returned to his cell but left two books in the common area, one entitled "Race Matters" by Cornell West and the other entitled "Dutch" by Terri Woods. After the lock-down, corrections officers informed Reddick that his books were in the possession of other inmates, who removed the books from the area where Reddick was playing chess. The corrections officers instructed Reddick to fill-out a request slip in order to have the books returned.

Reddick complied by submitting a request slip in which he sought the return of his personal property. On June 9, 2005, Sergeant LaCerte responded to his request and informed him that the books were deemed contraband. Reddick then filed a grievance, and on June 11, 2005 Dionne responded, advising him

that the books were deemed contraband and subsequently discarded. Reddick filed a second grievance on June 18, 2005, again seeking the return of his property. Dionne denied his grievance. Reddick's grievance was also denied by O'Mara on or about July 6, 2005. He now brings this action pursuant to Section 1983, alleging that defendants' acts and omissions rise to the level of constitutional deprivations.

## Discussion

I.  Section 1983 Claims

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal law. See 42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535 (1981); Rodriguez-Cirilo v. Garcia, 115 F.3d 50, 52 (1st Cir. 1997). In order to be held liable for a violation under Section 1983, a defendant's conduct must have been a cause in fact of the alleged constitutional deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978); Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997). The premise of Reddick's Section 1983 action is that defendants, acting in their capacity as state employees, deprived him of personal property, consisting of two books, without due process of law and in violation of his rights under the Fourteenth Amendment.

4

Even assuming that Reddick possesses a property interest sufficient to warrant protection under the Due Process Clause, he fails to state a claim upon which relief may be granted. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Watson v. Caton, 984 F.2d 537, 541 (1st Cir. 1993)(holding that there is no legal basis for a Section 1983 action where the allegation is that the action was derivation from, and not a reflection of, an established state procedure). The State of New Hampshire provides an adequate postdeprivation remedy pursuant to N.H. Rev. Stat. Ann. §§ 541–B:9 and 541–B:14 (1997) (providing a post–deprivation means of recouping property loss attributable to the State). Because state court remedies are available to Reddick and there is no indication that the State of New Hampshire has refused him those remedies, I conclude that he has failed to state a Fourteenth Amendment due process violation arising from the loss of personal property. Accordingly, I recommend that the complaint be dismissed in its entirety.

Conclusion

For the reasons stated above, I recommend that the complaint be dismissed.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint. If the plaintiff disagrees with the identification of the claims herein, plaintiff must do so by filing an objection within ten (10) days of receipt of this report and recommendation, or by properly moving to amend the complaint.

Any further objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: April 27, 2006
cc:   Dwayne A. Reddick, *pro se*